SALCINES, Judge.
Juan Antonio Gonzalez appeals the denial of his motion for postconviction relief relating to the entry of a plea admitting to a violation of community control. The trial court summarily denied the motion because the transcript of the plea hearing allegedly refuted Gonzalez’s arguments. We reverse for a limited evidentiary hearing on the sole issue of whether defense counsel promised Gonzalez he would receive credit for all time he had previously served in county jail on the underlying offenses.
In his motion, Gonzalez alleged that counsel advised him that if he admitted to the violation of community control and entered into a plea agreement for a fifteen-year sentence he would only serve four years’ imprisonment because he would receive credit for all time he had previously served in county jail and in prison. Gonzalez claimed that he relied upon this representation in accepting the plea agreement. Later he learned that the Department of Corrections had forfeited all the gaintime he had earned on the prison sentences previously served for the underlying offenses. Further, he did not receive 175 days of credit for time he had served in county jail prior to being sentenced in 1997 for a violation of probation.
In the order denying the motion for postconviction relief, the trial court indicated that it had previously considered a motion to correct illegal sentence filed by Gonzalez and had determined that he was not entitled to the 175 days of jail credit in dispute. The order does not further discuss the jail credit. The trial court pointed to the transcript of the plea hearing to refute Gonzalez’s remaining allegations.
The transcript reveals that at the beginning of the plea colloquy, defense counsel stated that the agreement was that Gonzalez would receive “credit for all county jail and DOC time that he’s already done.” The remaining dialogue demonstrated that Gonzalez was fully informed that neither the trial court nor the public defender could predict whether the Department of Corrections would forfeit the gaintime he had previously earned. However, there was nothing stated in open court to refute Gonzalez’s argument that he was promised the 175 days of credit to which he believed he was entitled. The fact that the trial court subsequently determined that he should not receive this credit is not dispos-itive of the issue raised in the motion.
We reverse the denial of the motion for postconviction relief and remand for the trial court to conduct a limited evidentiary hearing to determine if defense counsel specifically promised Gonzalez he would receive credit for the 175 days in dispute. See Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996) (holding claim of involuntary plea facially sufficient when it alleged reliance upon attorney’s affirmative misinformation about actual length of time defendant would spend in prison).
Reversed and remanded for further proceedings in accordance with this opinion.
ALTENBERND and CASANUEVA, JJ., Concur.